On July 31st, 1927, the petitioner was arrested by a police officer of the city of Hoboken without a warrant. On August 2d following, a complaint was made by one Richard Powell, under oath, charging the petitioner with having committed the crime of highway robbery in the State of Pennsylvania, whereby he took from the possession of some person, by threatening with a pistol, the sum of $5,000 in legal tender of the United States, and swore that the governor of Pennsylvania had made, or was about to make, requisition on the governor of New Jersey for the surrender of the petitioner as a fugitive from justice. Thereupon, a commitment was signed by the recorder of Hoboken, and under authority thereof the petitioner was incarcerated in the common jail of Hudson county for a period of thirty days, without bail, to await extradition. It is conceded by the state that no compliance was made with the act of congress governing extradition. The state maintains, however, that it has sufficiently complied with section 104 of the Criminal Procedure *Page 541 
act. 2 Comp. Stat. p. 1852. The petitioner argues that compliance has not been made with that act because of the failure to issue a warrant for the arrest of the petitioner.
It is true that the statute says that it shall be lawful for any magistrate, on satisfactory evidence under oath of the necessary facts in extradition proceedings, "to issue a warrant or warrants for the arrest of such person or persons and to commit such person or persons to the county jail, or to take bail," c. From this language it is argued that the legislature intended to speak in the conjunctive, and that the failure to issue a warrant is fatal. On the part of the state, the prosecutor argues that there was a submission to the jurisdiction of the recorder's court, because the point now raised by the petitioner was not then presented to that court. I am unable to bring my mind in accord with either of the arguments that have been presented on this single point. It seems to me too elementary to require either argument or citation of authorities to prove that it is impossible for the parties to confer such jurisdiction upon any court. Reference will be made hereafter to the fact that the recorder's court is of purely statutory origin. The subject of jurisdiction may be presented upon appeal for the first time, or it may be the basis of collateral attack.
My understanding of the office of a warrant is to bring the offender into custody, and that where that is accomplished by any lawful means the magistrate is clothed with jurisdiction over him. "Where one is arrested and brought before a magistrate without a warrant, nothing further is required to give him jurisdiction; for `why issue a warrant for the apprehension of a party already in custody?' But a written complaint or information against the defendant, setting out his offense, is as necessary in such a case as in any other." 1 Bish. (N.S.) Cr. Pro. §179. (The quotation in the text is from Hoggatt v. Bigley, 6Humph. Prec. 236). This is exactly the combination of facts disclosed upon the hearing herein.
That the police officer was justified in making the arrest will appear from a reading of section 181 of the same work. The difference that exists in the right of a private individual *Page 542 
and in a peace-officer to arrest without a warrant is that the former may not, but the latter may, arrest for a felony not committed in his presence. Robbery on the highway was a felony at the common law, punishable by death without benefit of clergy. 4Blacks. [*]243. It is by our statute made a high misdemeanor.2 Comp. Stat. p. 1785 § 120.
I realize the force of the argument that this was a statutory proceeding and, ordinarily, such statutes must be complied with strictly or the statutory tribunal is bereft of jurisdiction. However, it must be borne in mind that all statutes are to be construed in the light of existing law, and it seems to me clear that when the legislature adopted the one hundred and fourth section of the Criminal Procedure act it was providing a means whereby local magistrates should be given the power to bring before them, alleged fugitives from justice from other states, and authority to deal with them as justice might require. Consequently, where there is no occasion for a warrant, none is required. This does not violate any of the fundamental rights of the citizen. If an attempt were made by the criminal authorities to infringe any of the great safeguards of personal liberty, a different situation would be disclosed. The citizen having no constitutional right, or statutory right, to demand arrest by warrant only, the arrest without a warrant in this case works no injustice.
It is conceded that this offense is bailable, and I will adopt the recommendation of the prosecutor that it be in the sum for the stealing of which the extradition of the petitioner will be asked, namely, $5,000. *Page 543